# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**KENNETH W. CARPENTER,**                                                           **PLAINTIFF**

**V.**            **NO. 2:04CV325-MPM-EMB**

**DESOTO COUNTY SHERIFF'S OFFICE**
**& JAMES A. RILEY,**       **DEFENDANTS**

## REPORT AND RECOMMENDATION

On April 6, 2005, the *pro se* plaintiff, Kenneth W. Carpenter, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently an inmate at the DeSoto County Jail. His Complaint alleges that on March 17, 2004, he fell and injured his right hip while waiting in a holding cell to be booked. Some time after this, he completed a medical request to see a doctor. He was given Flextra and Motrin without being examined by a healthcare professional. After this medication did not help, he submitted another medical request. After approximately two months, he was allowed to see a doctor who prescribed Celebrex, Loratab and a mild steroid. X-rays were taken a week later, after which time plaintiff was advised that nothing was wrong with him. Thereafter, plaintiff complained that his Celebrex was not helping, but prison officials failed to offer him anything else. Plaintiff believes his hip is broken and jail officials are "covering it up." He wants the Court to order the sheriff to fix his hip.

At the *Spears* hearing, plaintiff testified he still has pain and he has been receiving Celebrex and Ibuprofen. He further testified he has sued Sheriff Riley because he is responsible for the jail.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

As an initial matter, the DeSoto County Sheriff's Office is not a proper defendant to a § 1983 complaint and should be dismissed. Likewise, plaintiff has failed to allege any personal involvement on the part of Sheriff Riley, and this defendant should be dismissed as well. In

order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Furthermore, by his own admission, plaintiff has been examined and treated for his hip condition. Thus, he has failed to adequately allege facts that would suggest that prison officials were "deliberately indifferent" to a serious medical need. Ultimately, his dissatisfaction with the results of his treatment does not rise to the level of a constitutional claim. Therefore, it is recommended that plaintiff's Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 15th day of April, 2005.

    **/s/   Eugene M. Bogen**
    **UNITED STATES MAGISTRATE JUDGE**